All right. Our next case for this morning is United States v. Sloan, No. 22721. And it looks like we're almost ready. We have Mr. Stevens. Mr. McKeever, you're here. Excellent. So, Mr. Stevens, you may proceed. May it please the Court, William Stevens appearing on behalf of Trent Sloan. The basic question in this appeal is whether, under the guidelines, Mr. Sloan possessed the firearm in connection with another felony offense. And it's our position that there is insufficient evidence to establish that connection so that the guideline calculation was wrong. I think the first thing is that Mr. Sloan had moved out of the Johnson house and wasn't living there, staying there, or actively and directly possessing the items that had been left behind in the basement of the house. But, Mr. Stevens, I understand that the record included evidence that Mr. Sloan still had a key to the basement area and had access, and it hadn't really been that long that he had been living there. Well, the evidence is in conflict on whether he had a key. There was also evidence that when he came with a truck to remove his goods, he had to wait for the owner to come and open the door. But I think whether he had access or not, I think it's very improbable that he would leave more than $1,000 worth of drugs behind in the premises unattended for a long period of time. What about the recorded call from the jail where he told the person he was talking to that the guns were found in his stuff? Well, he did have belongings that were there. And during that same statement, I think... So you're arguing he had belongings that were his, but that the meth was somebody else's? Yeah, I think that's very probable. So the standard for the district court was, has the government established by a preponderance of the evidence? Why wouldn't the fact that his other stuff was down there, there's no evidence that anybody else's stuff was down there, that the logical conclusion by preponderance of the evidence would be that the meth was his as well? And that the association between the meth and the guns was shown. I mean, it's a pretty generous standard of review for the district court. Well, I think the guns and the drugs were found by separate agents in separate places. And the area that these were found in was an area that was used by all the occupants of the house, although there was a bed there where Mr. Sloan used to sleep. And he did have goods that had been left behind there. But it was an area where they came and watched television together, and it was shared by many people in the house. So I think that it's hard to say that, as I say, the drugs that were found were his rather than the occupant or the owner of the house. Mr. Stephens, how do you get around the district court's statement that it would have imposed the same sentence here, even if the guidelines were wrong, and then explained why under 3553A? How does that not make this harmless error at best or worst, depending on who you're looking at it from? As I understood it, his conclusion that he would have arrived at the same sentence was based on a statement that he thought that the criminal history was undercounted. So why wouldn't that be harmless error? Assuming the enhancement wasn't proper, which, put that aside for a moment, why wouldn't it be harmless error here? Because if the court's assertion that he would impose the same sentence was really based on his assessment that I would determine the criminal history differently if you take out the drugs, it shows that the sentence is really based on a suspicion that Sloan is a drug dealer, not based on reliable evidence and the 3552 factor. But I don't read his statement quite the way you do, Mr. Stephens. And he's saying, even if I calculated the guideline range differently in the first instance, I would vary to this same range and impose the same sentence based on 3553, and he ties this directly to the four-level enhancement here. In particular, even if Mr. Sloan did not possess a firearm in connection with drug dealing, he still admitted to possessing methamphetamine. In other words, he admitted. This isn't a finding of fact. It's an admission. And to being involved in the meth trade, the evidence showed that he had recently been involved in meth distribution. Two of his firearms were also found in proximity to drugs, some of which he admitted were his. So I have trouble reading that as anything but the judge signaling that this is the sentence. And so whatever guideline adjustments might or might not be made wouldn't matter. But I think that that last remark about the drugs shows that if that finding or that conclusion is inappropriate, that a new sentencing ought to take place. All right, that's fine. If you want to save a little bit, this is about the time. Yeah, I would like to reserve the balance of my time for rebuttal. Okay, thank you. Mr. McKeever. May it please the Court, Jerome McKeever for the United States. The district court did not err in applying the four-level enhancement for three reasons. The first is the burden of proof, which was by preponderance of the evidence. The second reason is that the evidence was not just about the 80 grams of meth found on a certain day, but rather that the judge had sat through a two-day trial and had a lot of evidence going into the fall of 2019 that Mr. Sloan had possessed and trafficked meth. And then the third reason is that the district court made that specific finding that the judge would have imposed the same 41-month sentence even if the four-level enhancement did not apply. So going to the first point, just because Mr. Sloan was acquitted of the 841 charge, that doesn't mean that the district court could not consider that. He could consider the evidence of the acquitted conduct. And he only had to find that it was more likely than not that Mr. Sloan was emboldened by his possession of firearms and that it was in connection to his drug trafficking activity. To the second point, the judge heard evidence that Mr. Sloan told the ATF agent that he bought two of the guns in the summer of 2019. The judge heard from Cassandra Ganger, who is a woman who bought about a pound of meth on two separate occasions from Mr. Sloan in the fall of 2019. And the judge also heard Mr. Sloan admit in his interview with the ATF that he had been middlemanning drugs, but he had been downsizing and that he had been staying off the books, meaning that he hadn't been caught. So that brings us to the third reason, which is that under the 3553A factors, the court still would have found or would have imposed the same 41-month sentence even without the four-level enhancement because that drug trafficking activity was not accounted for by the criminal history score. So unless there are any questions for me from the court, I ask that the court affirm the district court. I see no questions, so thank you very much. And we'll go back to Mr. Stevens. Anything further? As far as the other evidence of drugs in each of those situations, there was no evidence that any firearm was in any way involved with any of those items. So I think that to rely on that for the connection between the firearm possession and the drugs is inappropriate, which I think brings us back to the question of was there by a preponderance of the evidence that Sloan possessed the 80 grams of methamphetamine that he was acquitted of possessing. And I think that the evidence here does not meet the preponderance standard. And it's a situation where he is out of the house, and there's no evidence that he was dealing there at the house. I mean, that's the part that the drugs might play a role in. I mean, the guns might play a role in, but there's no evidence of it. If the court has any further questions, I'll try to answer them. I see none, so thank you very much. We appreciate this. We appreciate the government's argument, and the court will take the case under advisement.